**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20-cv-03535 |
| | ) | |
| v. | ) | The Honorable Mary Rowland |
| | ) | |
| CSL PLASMA, INC. and CSL BEHRING, LLC, | ) | Magistrate Judge Sunil Harjani |
| | ) | |
| | ) | |
| Defendants. | ) | |

### STATE OF ILLINOIS' SECOND MOTION TO COMPEL DISCOVERY

Plaintiff State of Illinois, by and through its attorney, Kwame Raoul, Attorney General of Illinois, respectfully moves this Court for an order compelling Defendant CSL Plasma, Inc. to provide within five (5) business days: (1) complete written responses to Interrogatory Nos. 11, 16, 17, 18, 20, and 21 in Plaintiff's First and Second Set of Interrogatories; (2) a complete written response to Request to Admit 12 in Plaintiff's First Set of Requests for Admission; and (3) records responsive to Request Nos. 15, 17, 18, and 19 in Plaintiff's First Set of Requests for Production, pursuant to Fed R. Civ. P. 37(a). In support of this motion, the State states as follows:

### BACKGROUND

On December 4, 2020, Plaintiff State of Illinois ("State") served its First Sets of Interrogatories ("ROGs") and Requests for Production of Documents ("RFPs") on Defendant CSL Plasma Inc. ("CSL Plasma" or "CSL"). (*See attached* as Exhibits 1 & 2, respectively.). On October 4, 2021, the State served a second set of ROGs and its First Set of Request for Admissions ("RTAs") on CSL. (*See attached* as Exhibits 3 & 4, respectively.) CSL objected to several of the State's written discovery requests. (*See* CSL Plasma, Inc.'s Responses to the State's First Set of

Interrogatories, First Set of Requests for Production of Documents, Second Set of Interrogatories, and First Set of Requests for Admission, attached as Exhibits 5, 6, 7, & 8, respectively.)

This past fall, the parties attempted to resolve discovery issues through written correspondence. (*See* October 4, 2021 Correspondence from the State of Illinois to CSL Plasma, October 11, 2021 Correspondence from the State of Illinois to CSL Plasma, November 1 and 24, 2021 Correspondence from the State of Illinois to CSL Plasma, attached as Exhibits 9, 10, 11, & 12, respectively.) In response to these communications, the State diligently sought resolution, including narrowing some written discovery requests and agreeing to hold others in abeyance until oral discovery began. Ultimately, however, disputes remained, and on December 16, 2021, the parties held their first Rule 37 conference. (*See* December 17, 2021 Correspondence from the State of Illinois to CSL Plasma, attached as Exhibit 13.) That conference addressed, among other things, how to move forward with CSL's objections to several of the State's written discovery requests. After discussion, the parties confirmed that oral discovery, and CSL Plasma's Rule 30(b)(6) witness testimony specifically, would likely help the State to at least narrow its requests, if not fully address them.

As hoped, the depositions of two of CSL's Fed. R. Civ. P. 30(b)(6) witnesses has resolved many of the outstanding issues, and the State has agreed to withdraw ROGs 7, 10, 14, 15, and 24 and RFP 10. (*See* February 17, 2022 Correspondence from the State of Illinois to CSL Plasma, attached as Exhibit 14.) However, three Rule 30(b)(6) topics remain unaddressed.[1] On February 23, 2022, the parties conferred telephonically about those remaining topics. Pursuant to Local Rule 37.2, they also discussed how that missing Rule 30(b)(6) testimony impacted the State's remaining written discovery issues. (*See id.* for topics covered discussed at the subsequent February 23, 2022

---

[1] The State separately moved for further testimony on these topics in its First Motion to Compel Production of CSL Plasma's Federal Rule of Civil Procedure Rule 30(b)(6) Witness on February 23, 2022. (*See* Dkt. 51.)

conference.) While the State is hopeful that additional Rule 30(b)(6) depositions will obviate the need for this written discovery, without such testimony it cannot know for sure. In addition, while CSL has continued to provide documents related to several written discovery requests, the responses are frequently incomplete and not timely.[2]

As a result, several discovery disputes remain. Specifically, the State still requires answers to ROGs 11, 16, 17, 18, 20, and 21, which relate to: (1) CSL's process for handling donor complaints, including those related to discrimination and remediation of same; (2) the process by which CSL develops policies and practices that prohibit discrimination; and (3) CSL's marketing and advertising practices to potential donors. Further, the State has agreed to narrow ROG 12, and now seeks a complete answer, to the following: "Identify any donor or potential donors who have been permanently or temporarily deferred at an Illinois facility for a reason related to medical history or a general management decision."

The State also requires responses to RFPs 15 and 19, relating to donor requests for accommodations and tracking of disability-related complaints, respectively. The State has agreed to narrow, and seeks responses related to, the following RFPs:

RFP 17: All materials Defendants have used or use to communicate with, solicit, target, or market to donors and potential donors in Illinois.

RFP 18: All records related to the permanent or temporary deferral of donors and potential donors at an Illinois CSL Plasma center for a reason related to medical history or general management decision.

Finally, in response to the State's RTA 12, CSL denied the Request, but subsequently provided a fulsome response. (*See* CSL's response to RTA 12 at Ex. 8.) The State sought

---

[2] On February 24 and 25, 2022, CSL provided three additional documents responsive to ROGs 11 and 16 and RFP 19 and notified the State that CSL had identified and would begin producing responsive deferral records. If production is subsequently completed in full, the State will withdraw the corresponding requests.

clarification as to whether Defendant's response to the State's RTA 12 is an admission. (Ex. 14 at 3.) As of the time of this filing, CSL has not provided an answer.

The parties conferred telephonically on December 16, 2021 and February 23, 2022 regarding these remaining discovery requests, including CSL's objections.[3] The State certifies that it has consulted in good faith with CSL Plasma pursuant to Local Rule 37.2 and has both withdrawn requests and narrowed others. Despite these efforts, however, the parties have been unable to reach an accord that will ensure compliance in advance of the Court's February 28, 2022 motion to compel deadline. The State now requests that the court order CSL Plasma to respond to the aforementioned written discovery requests.

## LEGAL STANDARD

Rule 26(b) of the Federal Rules of Civil Procedure permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. Furthermore, "the test for relevance in the discovery context is very broad. A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Dekeyser v. Thyssenkrupp Waupaca, Inc.*, 2015 WL 10937559, at *3 (E.D. Wis. Apr. 10, 2015). "'[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Belcastro v. United Airlines, Inc*., 2019 WL 1651709, at *3 (N.D. Ill. Apr. 17, 2019) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also* 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2008 (3d ed. 2019) ("[O]ne of the purposes of discovery is to identify and narrow the issues."). Furthermore,

---

[3] To avoid any confusion, the State also represents that the parties held a Rule 37 conference on February 8, 2022. However, that discussion addressed other discovery matters than those raised here. (*See* Dkt. 51.)

"[t]he party opposing discovery bears the burden of showing why it should be disallowed." *Belcastro*, 2019 WL 1651709, at \*3.

## ARGUMENT

The State's outstanding requests (RTA 12, ROGs 11, 12, 16, 17, 18, 20, and 21, RFPs 15, 17, 18, and 19, and RTA 12), inarguably seek information that is relevant to the State's claims. As refined, they fall squarely within the scope of discovery as set forth in Rule 26(b)(1). Defendant's responses to ROGs 11, 16, 17, 18, and 20 and RFPs 15, 18, and 19 ("Request Group 1") are relevant to the State's allegation that CSL Plasma engages in widespread discrimination against people with disabilities, as well as to the State's prayer for injunctive relief requiring the state to make reasonable accommodations to people with disabilities. Defendant's responses to ROG 21, RFP 17, and RTA 12 ("Request Group 2") are relevant to the State's claim that CSL is a service establishment and thus a public accommodation subject to the Americans with Disabilities Act ("ADA") and the Illinois Human Rights Act ("IHRA"). Finally, CSL has not and cannot meet its burden to show why this discovery should be disallowed. The State's motion should therefore be granted.

## I.     The State is entitled to Written Discovery Related to Defendant's Discriminatory Practices and Policies.

Request Group 1 is relevant to the State's claims that CSL "continues to have internal policies, practices, and procedures that discriminate against a wide range of people with disabilities such that they refuse to collect their plasma and refuse to compensate people with certain disabilities for plasma collection." (Complaint, Dkt. 1, ¶ 58.) Moreover, the State is seeking an injunction requiring CSL to "provide reasonable accommodations and modifications to donors with disabilities upon request." (*Id*. at *e.g*., Counts I and II, Prayer for Relief.) Request Group 1, which seeks information related to donor complaints against CSL related to discrimination on the

basis of a disability, related accommodations, and deferrals, as well as CSL's polices and/or practices regarding same, is also relevant to the State's efforts to establish both that CSL violates such laws as the State has alleged, and that an injunction requiring CSL to make reasonable accommodations and modifications is necessary. This subject thus falls within the scope of discovery under Rule 26(b)(1).

The State has further tailored requests related to these topics to focus narrowly on CSL's practices in Illinois in regard to respecting the civil rights of donors, especially donors with disabilities—the subject of this lawsuit. Still, CSL has failed to identify any way in which this Request is overbroad. CSL should be ordered to respond or answer to the ROGs and RFPs of Request Group 1.

## II. The State is entitled to Written Discovery related to Defendant's Marketing to Potential Donors.

The State is entitled to the information sought by Request Group 2 because how CSL markets source plasma donation and recruits potential donors is relevant to whether it is a "service establishment," and thus a "public accommodation," under the ADA (42 U.S.C. § 12181(7)(F)) and the IHRA. 775 ILCS 5/-101(A)(6). The Seventh Circuit has not yet addressed this question, but three other circuits have, with mixed results. *See Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 174 (3d Cir. 2019) (holding that the ADA applies to plasma donation centers because they are service establishments); *Levorsen v. Octapharma Plasma, Inc.*, 828 F.3d 1227 (10th Cir. 2016) (same). *But see Silguero v. CSL Plasma, Inc.*, 907 F.3d 323, 325 (5th Cir. 2018) (plasma donation centers are not service establishments).

The nature of plasma donation and the motivation of potential donors figured prominently in all three circuit court rulings on the subject. The State is thus entitled to investigate this issue here; and Request Group 2 is therefore within the scope of rule 26(b)(1).

6

Moreover, CSL Plasma has not indicated any way in which this topic is overbroad, and indeed it is not. Request Group 2 seeks only to gather information on marketing and related activities in Illinois, where the alleged discrimination occurs. CSL should be ordered to respond to these requests.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the State respectfully requests that this Court issue an order compelling CSL Plasma, Inc., to provide (1) complete written responses to Interrogatory Nos. 11, 16, 17, 18, 20, and 21 in Plaintiff's First and Second Set of Interrogatories; (2) a complete written response to Request to Admit 12 in Plaintiff's First Set of Requests to Admit; and (3) records responsive to Request Nos. 15, 17, 18, and 19 in Plaintiff's First Set of Requests for Production, pursuant to Fed. R. Civ. P. 37(a).

In lieu of a response to this motion, CSL Plasma may produce a complete set of documents and responses, at which time the State will withdraw its motion. Moreover, the State reserves the right to withdraw this motion, either in part or in its entirety, if subsequent Rule 30(b)(6) testimony fully and completely addresses these remaining written discovery issues.

Dated:  February 25, 2022

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

<u>/s/ Rebekah Newman</u>
Elizabeth Morris
Gretchen Helfrich
Rebekah Newman
Office of the Illinois Attorney General
100 West Randolph Street, 11th Floor
Chicago, Illinois 60601
elizabeth.morris@ilag.gov
gretchen.helfrich@ilag.gov
rebekah.newman@ilag.gov
Ph. (312) 814-3000

*Counsel for Plaintiff State of Illinois*

## **Rule 37(a)(1) and Local Rule 37.2 Certification**

I, Rebekah Newman, certify that counsel for the State of Illinois conferred in good faith with Defendant's counsel in an attempt to resolve this dispute before filing this motion.

As to the matters outlined in this motion, counsel for both parties met and conferred on the following occasions:

- On December 16, 2021, Elizabeth Morris and Gretchen Helfrich (for the State of Illinois) and Eric Berg (for CSL Plasma, Inc.) conferred, by telephone, beginning at 11:00 AM.
- On February 23, 2022, Elizabeth Morris, Gretchen Helfrich, and Rebekah Newman (for the State of Illinois) and Eric Berg (for CSL Plasma, Inc.) conferred, by telephone, beginning at 10:00 AM.


/s/ *Elizabeth Morris*

9

## CERTIFICATE OF SERVICE

I, Elizabeth Morris, an attorney, certify that on February 25, 2022 I served the undersigned attorneys with **State of Illinois' Second Motion to Compel Discovery** via ECF Notification:

Eric A. Berg
(eric.berg@ogletree.com)
Jennifer Colvin
(jennifer.colvin@ogletreedeakins.com)
Zac Pestine
(zac.pestine@ogletree.com)
OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART P.C.
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606

*Counsel for Defendants*

/s/ *Elizabeth Morris*