# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STATE OF ILLINOIS,<br><br>Plaintiff,<br><br>v.<br><br>CSL PLASMA, INC. and CSL BEHRING, LLC,<br><br>Defendants. | ) | Case No. 1:20-cv-03535<br><br>The Honorable Mary Rowland |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Plaintiff State of Illinois (the "State"), by its attorney, Kwame Raoul, Attorney General of Illinois, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby requests that Defendants CSL Plasma, Inc. and CSL Behring, LLC respond to the following interrogatories in writing and under oath:

**DEFINITIONS AND INSTRUCTIONS**

For the purposes of these Interrogatories, the following definitions and instructions shall apply:

1. "Defendants" refers to all named defendants. If a response to an interrogatory only applies to one of the defendants, or if there are different answers for each defendant, the answer shall identify which answer applies to which defendant.

2. "You," "your," and "CSL" shall refer to the named Defendants in this litigation, including all employees, volunteers, board members, agents, advisory board members, and any other person who provides services in connection with your operation or practice.

3. "Document(s)" or "communication(s)," unless otherwise specified, means all writings and electronic writings of any kind, including the originals and all non-identical copies whether different from the originals by reason of any notations made on such copies or otherwise, including without limitation, emails, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter-office and intra-office communications, internet communications, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, work sheets, as well as all drafts, alterations, modifications, changes and amendments of any of the foregoing, and graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings, motion pictures), and any electronic mechanical or electric records or representations of any kind

(including, without limitation, tapes, cassettes, discs, recordings, CDs and computer memories). Documents refer to those which are or have previously been in your possession (whether actual or constructive), custody or control (whether immediate or extended), or of which you have knowledge.

4. "Document" shall also refer to any other data compilations from which information can be retrieved or obtained, and translated, if necessary, by you and through computers or detection into reasonably usable form.

5. "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

6. Singular terms shall be deemed to include the plural, and plural terms shall be deemed to include the singular.

7. "Identify" with respect to any "document" the following information regardless of whether the document is deemed privileged or subject to any claim of privilege:

(a) the title or other means of identification of each such document;
(b) the date of each such document;
(c) the author or preparer of each such document, including the name, address, telephone number and employer of the author or preparer;
(d) a summary of the contents of each such document;
(e) the name, address and telephone number of the person or persons who have custody or control of the original of each such document;
(f) the name, address and telephone number of any and all persons who have custody or control over copies of such documents; and
(g) any claims of privilege claimed and the grounds supporting the purported claim of privilege.

In lieu of providing a full description of the document in accordance with this paragraph, you may attach a copy of the document for which a description is requested, and in your answer to the interrogatory only provide those items of description requested which do not appear on the face of the document.

8. "Identify" with respect to any person the person's name, address, telephone number, and employer.

9. If any interrogatory herein cannot be answered in full after exercising due diligence to secure the information to do so, it shall be answered to the extent possible with an explanation as to the reasons for your inability to answer the remainder and stating whatever information, knowledge or belief you do have concerning the unanswered portion, along with the basis for such information, knowledge and belief.

10. To the extent that you believe that an interrogatory is objectionable, answer so much of the interrogatory as, in your view, is not objectionable and separately state the portion of

each interrogatory to which you object and the grounds for your objection.

11. To the extent that you believe that an interrogatory calls for information subject to a privilege, answer so much of each interrogatory that, in your view, is not privileged, and for the remainder, state the nature and basis of the claim of privilege.

12. These interrogatories are continuing in nature and must be supplemented promptly if you obtain additional or different information related to any response at any time before the termination of this action.

13. If you cannot answer an interrogatory because of privacy concerns, please indicate as such in your response so the parties can meet and confer about the entry of an appropriate protective order.

## INTERROGATORIES

1. Identify all persons with discoverable information regarding the allegations, claims, and responses in the pleadings (the complaint, answer, and affirmative defenses) and identify the subjects of that information.

2. Provide the names, addresses, and telephone numbers of the owners and operators of CSL Plasma, including but not limited to partnerships, corporations, parent corporations, shareholders, subsidiaries, franchisors, franchisees, management companies, and any other individuals or entities that own or operate CSL Plasma.

3. List all facilities that you own or operate in the State of Illinois, stating their name and legal address.

4. Identify any and all individuals responsible for ensuring that Defendants comply with federal and state disability and civil rights laws.

5. Describe in detail Defendants' policies and practices related to providing reasonable accommodation or reasonable modifications of your standard donor intake and plasma donation procedures for disabled individuals, including providing effective communication (requests for sign language interpreters, braille, real time captioning, etc.), to any donor or potential donor, including but not limited to responding to requests for effective communication, types of effective communication provided, any auxiliary aids available by location, and any training on effective communication given to staff.

6. Identify all risk factors, or any factors that result in a deferral or denial of any type, or any factor that raises a "flag" or causes or requires a potential donor to provide follow-up information or documentation or further investigation by an employee or other agent of Defendants into the eligibility of a potential or repeat donor. For each such factor, describe in detail Defendants' policies or practices for suggested or required responses to the identification of that factor (e.g., rejection of a potential donor) and the factual, evidentiary, scientific, medical, economic, or other basis, if any, relied upon by Defendants for the policies or policies referenced.

7. Describe each method used by Defendants to screen and/or track potential donors and repeat donors (i.e., electronic portal, paper form, database system, etc.), including individuals who attempted to donate but were rejected or deferred, and the collection method or methods each location uses. For locations where more than one method is used, please provide the percentage of use for each collection method.

8. Describe in detail the process of giving plasma from initial screening to collection, including any scheduling of collection, repeat collection and screening process, compensation, terms of compensation, method of compensation, options for redemption of compensation, rewards programs used by Defendants, and how those rewards programs function.

9. Describe in detail any anti-discrimination training taken by or given to Defendants' employees, including the anti-discrimination topics covered and dates of completion for each employee.

10. Identify all complaints formal or informal, written or verbal, you have received regarding to the denial or deferral of donors or potential donors, where the complainant alleges the basis of denial or deferral was their disability.

11. Identify and describe the system Defendants use to track and/or resolve any complaints that Defendants receive from any donors, potential donors, employees, or other members of the public with regards to Defendants' business practices, including but not limited to plasma donation and collection.

12. Identify any donor or potential donors who have been permanently or temporarily deferred and state the reason for deferral.

13. Identify all persons who assisted in answering these interrogatories or located, authored, and approved the documents produced in the request for production.

Dated: December 4, 2020

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

/s/ Elizabeth Morris____________________
Elizabeth Morris
(emorris@atg.state.il.us)
Neil Kelley
(nkelley@atg.state.il.us)
Office of the Illinois Attorney General
100 West Randolph Street, 11th Floor
Chicago, Illinois 60601
Ph. (312) 814-3000

*Counsel for Plaintiff State of Illinois*

**CERTIFICATE OF SERVICE**

I, Elizabeth Morris, an attorney, certify that on December 4, 2020, I served the undersigned attorneys with **Plaintiffs' First Set of Interrogatories to Defendants** via electronic mail:

Eric A. Berg
(eric.berg@ogletree.com)
Jennifer Colvin
(jennifer.colvin@ogletreedeakins.com)
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART P.C.
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606

*Counsel for Defendants*

/s/ *Elizabeth Morris*