# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:20-cv-03535 |
| v. | ) | |
| | ) | |
| CSL PLASMA, INC. and CSL BEHRING, LLC, | ) | The Honorable Mary Rowland |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Plaintiff State of Illinois (the "State"), by its attorney, Kwame Raoul, Attorney General of Illinois, propound the following requests for production of documents to plaintiffs, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby request that Defendants CSL Plasma, Inc. and CSL Behring, LLC respond to the following document requests:

**DEFINITIONS AND INSTRUCTIONS**

1.  "Defendants" refers to all named defendants. If a response to an interrogatory only applies to one of the defendants, or if there are different answers for each defendant, the answer shall identify which answer applies to which defendant.

2.  "You," "your," or "CSL" shall refer to the named Defendants in this litigation, including all employees, volunteers, board members, advisory board members, and any other person who provides services in connection with your operation or practice.

3.  "Document(s)" or "communication(s)," unless otherwise specified, means all writings and electronic writings of any kind, including the originals and all non-identical copies whether different from the originals by reason of any notations made on such copies or otherwise, including without limitation, emails, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter-office and intra-office communications, internet communications, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, work sheets, as well as all drafts, alterations, modifications, changes and amendments of any of the foregoing, and graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings, motion pictures), and any electronic mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, CDs and computer memories).

1

Documents refer to those which are or have previously been in your possession (whether actual or constructive), custody or control (whether immediate or extended), or of which you have knowledge.

4. "Document" shall also refer to any other data compilations from which information can be retrieved or obtained, and translated, if necessary, by you and through computers or detection into reasonably usable form.

5. "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connect with, reflecting upon, or having any logical or factual connection with a stated subject matter.

6. "Person" shall refer to "any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

7. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include singular, and use of a masculine, feminine or neuter pronoun shall not exclude any of the others. The past tense includes the present and the present tense includes the past, where the clear meaning is not destroyed by the change.

8. "Complaint" means the complaint, and any amendments to the complaint, filed in this action.

9. "Answer" and "Affirmative Defenses" refers to the answer and affirmative defenses, and any amendments to them, filed in this action.

10. Identify the production request to which each document produced is responsive.

11. All documents shall be produced in their original form and shall include all marginalia, post-it notes, or other hand-written notations, as well as any attachments referred to or incorporated by the document. In lieu of providing the original of any document requested below, you may provide an accurate photocopy of the document.

12. All electronically stored information is to be produced in the form in which it is ordinarily maintained ("native format"). If a document cannot be produced in electronic format, it must be produced in hard copy, paper format. If a document's original form was electronic, you must produce it electronically, preserving all information regarding the document (e.g., its creation and modification dates, its location within a storage device's file structure, etc.). All metadata must be preserved and produced with each electronic document.

13. Produce each document in its original file folder, file jacket, or cover along with the identity of the individual from whose files the document is being produced or the department in which the document was retained.

14. Produce documents in the order in which they are maintained in the ordinary course of business or organize and label them to correspond to the categories in each request. The

documents shall not be shuffled or otherwise rearranged. Fasten all hard copy, paper documents in the same manner as the originals, whether stapled, clipped, or otherwise fastened.

15. If any portion of a document is responsive to a request, produce the entire document.

16. If you are aware that you at any time had possession or control of any document called for under a production request that has since been lost, destroyed, or is not presently in your possession or control, you shall submit a written statement that identifies: (a) the nature of the document and its contents; (b) the person who prepared the document and its contents; (c) all persons who have seen or had possession of the document; (d) when the document was prepared, transmitted, or received; (e) when the document was lost, purged, separated, or destroyed; (f) the reasons why the document was lost, purged, separated, or destroyed; (g) any person who requested the document to be purged, separated, or destroyed; (h) any person who performed the purge, separation, or destruction; and (i) all persons with knowledge of any portion of the contents of the document.

17. If it is otherwise not possible to produce any document responsive to any request or if any part of said request is objectionable, please state the reasons for your inability to produce or your objections with specificity.

18. Please mark all documents produced with an identifying number (*i.e.*, a Bates Stamp number) on each page.

19. Any request for a document is also a request to produce all iterations of that document, including all earlier and all later versions of that document.

20. If any document is withheld under claim of privilege, please provide a privilege log identifying the document, including its author and any recipients, and the basis for your privilege claims.

21. Unless otherwise specified, this request encompasses documents and information in your possession, custody, or control beginning on January 1, 2014. Documents and information that existed during this time period shall be included, even if they were created prior to January 1, 2014.

22. These requests are continuing in nature. If after answering the requests, you obtain or become aware of any further information responsive to these requests, you are required to make and serve a supplemental response.

## REQUESTS FOR PRODUCTION

1. All documents that relate to, support, and/or rebut any of the allegations or claims in the Complaint.

2. All documents that relate to, support, and/or rebut any of the allegations or claims in the Answer and/or Affirmative Defenses.

3. All documents that you may use or rely on to rebut the allegations or claims made by the State.

4. All documents that you relied on to respond to any of the interrogatories served by the State.

5. All documents identified in your response to any of the interrogatories served by the State.

6. All documents identifying, relating to, or containing information about Defendants' potential witnesses.

7. All documents which contain the statement or opinion of any lay witness or that the lay witness consults or relies upon to inform their testimony.

8. All documents which contain the statement, opinion, written report, or curriculum vitae of any person you expect to call as an expert witness.

9. All documents considered, consulted, or relied upon by any witness in forming any opinions.

10. All documents that any witness may rely upon or use at trial, including but not limited to demonstrative evidence and exhibits prepared by or on behalf of Defendants.

11. All documents, including but not limited to internal memoranda, internal electronic mail communications, policies, guidelines, rules, instructions, resources, internal or external audits, and trainings, that in any way relate to the screening, eligibility, or assessment of persons who have or seek to have plasma collected at Defendants' facilities.

12. All documents related to policies or practices regarding people with disabilities.

13. All documents regarding the requesting and provision of reasonable accommodations and modifications, including but not limited to effective communication (sign language interpreters, braille, real-time captioning, etc.) to donor(s) or potential donor(s) at Defendants' facilities.

14. All documents related to requests for accommodations or modifications at Defendants' facilities.

15. All documents related to requests for accommodations or modifications by any donor or potential donor.

16. All documents relating to Defendants' determination or assessment of risk factors, or any factors that result in a deferral or denial of any type, or any factor that raises a "flag" or causes or requires further investigation by an employee or other agent of Defendants into the eligibility of a potential or repeat donor, including but not limited to Defendants' policies or practices for suggested or required responses to the identification of such a factor (e.g., rejection of a potential donor); and the factual, evidentiary, scientific, medical, economic, or other basis, if any, relied upon by Defendants for those policies.

17. All materials Defendants have used or use to communicate with, solicit, target, or market to donors and potential donors.

18. All records related to the permanent or temporary deferral of donors and potential donors including the reason for deferral.

19. All documents that reflect how Defendants track and/or resolve any disability-related complaints that Defendants receive from any donors, potential donors, employees, or other members of the public with regard to Defendants' business practices, including but not limited to plasma donation and collection.

20. All documents that reflect how Defendants screen and/or track potential donors and repeat donors (i.e., electronic portal, paper form, database system, etc.), including individuals who attempted to donate but were rejected or deferred, and the collection method or methods each location uses. For locations where more than one method is used, please provide documents for each collection method.

21. Any documents pertaining to Defendants' policies or practices concerning document retention or destruction.

Dated: December 4, 2020                     Respectfully submitted,

                                            KWAME RAOUL
                                            Attorney General of Illinois

                                            /s/ Elizabeth Morris_____
                                            Elizabeth Morris
                                            (emorris@atg.state.il.us)
                                            Neil Kelley
                                            (nkelley@atg.state.il.us)
                                            Office of the Illinois Attorney General
                                            100 West Randolph Street, 11th Floor
                                            Chicago, Illinois 60601
                                            Ph. (312) 814-3000

                                            *Counsel for Plaintiff State of Illinois*

**CERTIFICATE OF SERVICE**

      I, Elizabeth Morris, an attorney, certify that on December 4, 2020, I served the undersigned attorneys with **Plaintiffs' First Set of Requests for Production of Documents to Defendants** via electronic mail:

    Eric A. Berg
    (eric.berg@ogletree.com)
    Jennifer Colvin
    (jennifer.colvin@ogletreedeakins.com)
    OGLETREE, DEAKINS, NASH, SMOAK
      & STEWART P.C.
    155 North Wacker Drive, Suite 4300
    Chicago, Illinois 60606

    *Counsel for Defendants*

                                              /s/ *Elizabeth Morris*