# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:20-cv-03535 |
| v. | ) | |
| | ) | |
| CSL PLASMA, INC. and CSL BEHRING, LLC, | ) | District Judge Mary Rowland |
| | ) | Magistrate Judge Sunil Harjani |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANTS**

Plaintiff State of Illinois (the "State"), by its attorney, Kwame Raoul, Attorney General of Illinois, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby requests that Defendants CSL Plasma, Inc. and CSL Behring, LLC respond to the following interrogatories in writing and under oath:

**DEFINITIONS AND INSTRUCTIONS**

For the purposes of these Interrogatories, the following definitions and instructions shall apply:

1. "Defendants" refers to all named defendants. If a response to an interrogatory only applies to one of the defendants, or if there are different answers for each defendant, the answer shall identify which answer applies to which defendant.

2. "You," "your," "CSL," and "CSL Plasma" shall refer to the named Defendants in this litigation, including all employees, volunteers, board members, agents, advisory board members, and any other person who provides services in connection with your operation or practice.

3. "Document(s)" or "communication(s)," unless otherwise specified, means all writings and electronic writings of any kind, including the originals and all non-identical copies whether different from the originals by reason of any notations made on such copies or otherwise, including without limitation, emails, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter-office and intra-office communications, internet communications, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, work sheets, as well as all drafts, alterations, modifications, changes and amendments of any of the foregoing, and graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings, motion

1

pictures), and any electronic mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, CDs and computer memories). Documents refer to those which are or have previously been in your possession (whether actual or constructive), custody or control (whether immediate or extended), or of which you have knowledge.

      4.      "Document" shall also refer to any other data compilations from which information can be retrieved or obtained, and translated, if necessary, by you and through computers or detection into reasonably usable form.

      5.      "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

      6.      Singular terms shall be deemed to include the plural, and plural terms shall be deemed to include the singular.

      7.      "Identify" with respect to any "document" the following information regardless of whether the document is deemed privileged or subject to any claim of privilege:

      (a)      the title or other means of identification of each such document;
      (b)      the date of each such document;
      (c)      the author or preparer of each such document, including the name, address, telephone number and employer of the author or preparer;
      (d)      a summary of the contents of each such document;
      (e)      the name, address and telephone number of the person or persons who have custody or control of the original of each such document;
      (f)      the name, address and telephone number of any and all persons who have custody or control over copies of such documents; and
      (g)      any claims of privilege claimed and the grounds supporting the purported claim of privilege.

In lieu of providing a full description of the document in accordance with this paragraph, you may attach a copy of the document for which a description is requested, and in your answer to the interrogatory only provide those items of description requested which do not appear on the face of the document.

      8.      "Identify" with respect to any person the person's name, address, telephone number, and employer.

      9.      If any interrogatory herein cannot be answered in full after exercising due diligence to secure the information to do so, it shall be answered to the extent possible with an explanation as to the reasons for your inability to answer the remainder and stating whatever information, knowledge or belief you do have concerning the unanswered portion, along with the basis for such information, knowledge and belief.

10. To the extent that you believe that an interrogatory is objectionable, answer so much of the interrogatory as, in your view, is not objectionable and separately state the portion of each interrogatory to which you object and the grounds for your objection.

11. To the extent that you believe that an interrogatory calls for information subject to a privilege, answer so much of each interrogatory that, in your view, is not privileged, and for the remainder, state the nature and basis of the claim of privilege.

12. These interrogatories are continuing in nature and must be supplemented promptly if you obtain additional or different information related to any response at any time before the termination of this action.

13. If you cannot answer an interrogatory because of privacy concerns, please indicate as such in your response so the parties can meet and confer about the entry of an appropriate protective order.

## SECOND SET OF INTERROGATORIES[1]

14. Explain the process for developing your donor eligibility policies. A complete answer will include the individuals involved in developing the policies, the steps those individuals take to write or revise the policies, who reviews drafts of eligibility policies, the process for accepting and implementing policies, who decides that policies should be accepted, the frequency with which policies are reviewed, and how the process to review the policies is initiated. When identifying individuals, please include their names, their job titles, and their current employment status with CSL.

15. Explain the process for training CSL employees about donor eligibility policies. A complete answer will include the individuals involved in developing the policies, the steps those individuals take to write or revise the policies, who reviews drafts policies, the process for accepting and implementing policies, who decides that policies should be accepted, which employees are trained, who conducts the training, how and where the training is conducted, how CSL determines that its employees understand the policies, the frequency with which policies are reviewed, how the process to review the policies is initiated. When identifying individuals, please include their names, their job titles, and their current employment status with CSL (except for individuals who are trained; categories of job titles are sufficient to identify who is trained on the eligibility policies).

16. Please describe the complaint process for an individual who CSL has determined is ineligible to donate. A complete answer includes how individuals are advised on how to file a complaint, the steps involved in the complaint process, who at CSL reviews complaints (including their name, job title, and current employment status with CSL), CSL's appeal process for individuals who have been denied the opportunity to donate, how individuals are informed of the appeal process, the steps involved in the appeal process, and how appeal decisions are reported to the individual who wishes to donate. If no process exists, please indicate as such.

---

[1] Interrogatories 1-13 were previously propounded in the State's First Set of Interrogatories.

3

17. Describe in detail Defendants' policies and practices when employees allegedly engage in discrimination. A complete answer will include the internal process involved when an employee is accused of discrimination, how complaints against employees accused of discrimination are made and logged, how decisions are rendered whether an employee engaged in discrimination, and whether the employee has a method to appeal such decisions.

18. Identify the remediation process you have in place for any employees who engage in discrimination.

19. Identify any Illinois employees accused of discriminating against a disabled individual (including, but not limited to, donors, potential donors, or other individual on the premise) in a CSL facility in Illinois. A complete answer will include the name, job titles, and current employment status with CSL. A complete answer will also include the date of the alleged discrimination, the investigation CSL undertook to evaluate the claims, CSL's decision regarding discrimination, and the ultimate disciplinary outcome for each employee identified. CSL may produce documents that contain this information in lieu of providing a written answer.

20. Identify the individuals involved in developing the policies and practices that prohibit discrimination by employees, the steps those individuals take to write or revise the policies, who reviews drafts policies, the process for accepting and implementing policies, who decides that policies should be accepted, how discrimination policies are conveyed to employees, the frequency with which policies are reviewed, and how the process to review the policies is initiated. When identifying individuals, please include their names, their job titles, and their current employment status with CSL (except for individuals who are trained; categories of job titles are sufficient to identify who is trained on the eligibility policies).

21. Explain how you market, advertise, and/or recruit donors for CSL's blood plasma collection service. Your answer shall identify all media or platforms through or on which you market, advertise, and/or recruit donors.

22. Explain how you compensate individuals for donating their blood plasma.

23. Please explain in detail why M.P., identified in your response to the State' First Set of Interrogatories for Interrogatory 1, was deferred from donating blood plasma on November 16, 2018 at CSL's Rockford, Illinois facility.

24. If you contend that CSL Plasma is not a public accommodation under the ADA and/or the IHRA, list every factual basis that supports that contention.

Dated: October 4, 2021   Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

/s/ Elizabeth Morris
Elizabeth Morris
Gretchen Helfrich
Rebekah Newman
Office of the Illinois Attorney General
100 West Randolph Street, 11th Floor
Chicago, Illinois 60601
elizabeth.morris@ilag.gov
gretchen.helfrich@ilag.gov
rebekah.newman@ilag.gov
Ph. (312) 814-3000

*Counsel for Plaintiff State of Illinois*

## **CERTIFICATE OF SERVICE**

  I, Rebekah Newman, an attorney, certify that on October 4, 2021, I served the undersigned attorneys with **Plaintiff's Second Set of Interrogatories to Defendants** via electronic mail:

  Eric A. Berg
  (eric.berg@ogletree.com)
  Jennifer Colvin
  (jennifer.colvin@ogletreedeakins.com)
  OGLETREE, DEAKINS, NASH, SMOAK
    & STEWART P.C.
  155 North Wacker Drive, Suite 4300
  Chicago, Illinois 60606

  *Counsel for Defendants*

                /s/ *Rebekah Newman*