***REDACTED – Pursuant to Local Rule 26.2***

# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:20-cv-03535 |
| v. | ) | |
| | ) | |
| CSL PLASMA, INC. and CSL BEHRING, LLC, | ) | The Honorable Mary Rowland |
| | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CSL PLASMA INC.'S
## ANSWERS TO PLAINTIFF FIRST SET OF INTERROGATORIES

For its Answers to Plaintiff's First Set of Interrogatories, Defendant CSL Plasma Inc. ("Defendant" or "CSL"), hereby responds and, through its counsel, objects to the Interrogatories served by Plaintiff State of Illinois ("Plaintiff" or "State"). All responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

1. All objections as to competency, relevance, materiality, privilege, and admissibility of evidence for any purpose in any subsequent proceeding or trial of this or any other action.

2. The right to object to the use of any of these responses, or the documents identified and/or produced, in any subsequent proceeding or the trial of this or any other action on any ground;

3. The right to object on any ground at any time to a demand for further response to these or any other discovery proceedings involving or relating to the subject matter of the interrogatories; and

4. The right to supplement and/or amend these responses based upon the discovery of additional documents and/or information.

## GENERAL OBJECTIONS

Defendant objects generally to each of the interrogatories by Plaintiff to the extent that:

1. The burden or expense of complying with the interrogatories outweigh their likely benefits considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues;

2. The interrogatories are overly broad and any attempt by Defendant to respond would be unduly burdensome, expensive, harassing, and oppressive;

3. The interrogatories seek information that is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court;

4. The interrogatories seek information protected against or privileged from disclosure as to the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Defendant;

5. The interrogatories seek information that is not within the knowledge, possession, or control of Defendant or from any other person who is not a party to this action;

6. The interrogatories are so vague and ambiguous that they do not properly advise Defendant as to the information requested, thereby requiring Defendant to guess or speculate as to the information Plaintiff seeks;

7. The interrogatories request information and/or documents that Plaintiff already possesses or to which it has equal access;

8. The interrogatories are overly broad as to the location and geographic area of inquiry;

9. The interrogatories seek information for an unreasonable, irrelevant, or unspecified period of time;

10. The interrogatories seek information improperly premised upon assumptions and/or allegations;

11. The interrogatories seek business information which is of a confidential, trade secret, and/or proprietary nature;

12. The interrogatories seek to impose upon Defendant any obligation, including the obligation to provide supplemental responses, in excess of that required by the Federal Rules of Civil Procedure;

13. The interrogatories purport to impose obligations not contained in the Federal Rules of Civil Procedure relating to discovery generally or interrogatories specifically;

14. The interrogatories define a term rendering the interrogatories overbroad, unduly burdensome, harassing, or purport to require an unreasonable investigation;

15. If any information or documents within the scope of the attorney-client or the attorney work product doctrine are inadvertently disclosed by these answers, Defendant has not done so intentionally. Defendant reserves the right to assert the privileges at any time in these proceedings, and further reserves its right to request return of all privileged information and documents, including any copies of abstracts of such information or documents. In addition, all evidentiary objections are preserved and no waiver of any objections shall be implied from these

answers. To the extent that these answers might arguably waive an otherwise assertable objection or claim of privilege, such waiver shall be limited to these answers only and shall not extend to any further discovery requests;

      16.    All of Defendant's general objections shall be deemed continuing throughout the responses to the specific interrogatories that follow, even when not further referred to in said responses; and

      17.    Defendant will make reasonable efforts to respond to each interrogatory, to the extent that no objection is made, as Defendant understands and interprets the interrogatory. If Plaintiff subsequently asserts any interpretation of any interrogatory that differs from Defendant's interpretation, Defendant reserves the right to supplement its objections and responses.

## ANSWERS

      1.    Identify all persons with discoverable information regarding the allegations, claims, and responses in the pleadings (the complaint, answer, and affirmative defenses) and identify the subjects of that information.

**ANSWER:**

    Donor M.P. (name and information withheld)

    Defendant believes that Donor M.P. is the individual referred to in Plaintiff's complaint, allegedly deferred on November 16, 2018. Donor M.P. possesses information relating to her alleged disability and need for a service animal, the facts relating to her visit to CSL Plasma's Rockford, Illinois facility, and Plaintiff's alleged damages in the present action.

    Kristi Davis, current CSL Plasma Center Manager, Rockford facility
        c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Ms. Davis possesses information regarding CSL Plasma's policies and procedures, the history of Donor M.P. and Donor M.P.'s alleged deferral on November 16, 2018, and facts that may relate to Plaintiff's claims in the present action.

    Dawn Leamon, Medical Staff Associate, Rockford, IL plasma collection center
        c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Ms. Leamon possesses information regarding CSL Plasma's policies and procedures, the history of Donor M.P. and their alleged deferral on November 16, 2018, and facts that may relate to Plaintiff's claims in the present action.

    █████████
        c/o Equip for Equality

█████████ possesses information relating to █████████████████████████████████████, the facts relating to his claims, and Plaintiff's alleged damages in the present action.

    Justin Gronbach, CSL Plasma Center Manager, Montgomery, IL plasma collection center
        c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C.*

As current center manager, Mr. Gronbach may possess information regarding CSL Plasma's policies and procedures, ██████████ donation history and deferral on July 28 and 30, 2018, and facts that may relate to Plaintiff's claims in the present action.

    Dmitriy Gubarev, Montgomery, IL plasma collection center
        c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C.*

Mr. Gubarev has information regarding CSL Plasma's policies and procedures, ███ ██████ donor history and deferral on July 28 and 30, 2018, and facts that may relate to Plaintiff's claims in the present action.

    Bridjet Norman, Montgomery, IL plasma collection center
        c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C.*

Ms. Norman has information regarding CSL Plasma's policies and procedures, ▇ ▇ donor history and deferral on July 28 and 30, 2018, and facts that may relate to Plaintiff's claims in the present action.

*These persons may be contacted only through the undersigned counsel.

2. Provide the names, addresses, and telephone numbers of the owners and operators of CSL Plasma, including but not limited to partnerships, corporations, parent corporations, shareholders, subsidiaries, franchisors, franchisees, management companies, and any other individuals or entities that own or operate CSL Plasma.

**ANSWER**: Defendant objects to this interrogatory as it is overly broad and unduly burdensome. Defendant further objects to this interrogatory as it vague and ambiguous and seeks information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant states that it is a subsidiary of co-defendant CSL Behring L.L.C., which has been improperly named as a defendant in this case.

3. List all facilities that you own or operate in the State of Illinois, stating their name and legal address.

**ANSWER**: This interrogatory requests information to which Plaintiff has equal access: https://www.cslplasma.com/find-a-donation-center

4. Identify any and all individuals responsible for ensuring that Defendants comply with federal and state disability and civil rights laws.

**ANSWER**: Defendant objects to this interrogatory as it is overly broad and unduly burdensome. Defendant further objects to this interrogatory as it vague and ambiguous and seeks information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Defendant further states that it is not a public accommodation subject to federal and state accessibility statutes, and thus it is not obligated to comply with accessibility laws as they may relate to donors or other invitees.

5. Describe in detail Defendants' policies and practices related to providing reasonable accommodation or reasonable modifications of your standard donor intake and plasma donation procedures for disabled individuals, including providing effective communication (requests for sign language interpreters, braille, real time captioning, etc.), to any donor or potential donor, including but not limited to responding to requests for effective communication, types of effective communication provided, any auxiliary aids available by location, and any training on effective communication given to staff.

**ANSWER:** Defendant objects to this interrogatory as it is overly broad and unduly burdensome. Defendant further states that it is not a public accommodation subject to federal and state accessibility statutes and is thus not obligated to provide reasonable accommodations or modifications. By way of further answer, and pursuant to Fed. R. Civ. P. 33(d), Defendant asserts that its policies are described in the documents it is producing in response to Plaintiff's request to produce.

6. Identify all risk factors, or any factors that result in a deferral or denial of any type, or any factor that raises a "flag" or causes or requires a potential donor to provide follow-up information or documentation or further investigation by an employee or other agent of Defendants into the eligibility of a potential or repeat donor. For each such factor, describe in detail Defendants' policies or practices for suggested or required responses to the identification of that factor (e.g., rejection of a potential donor) and the factual, evidentiary, scientific, medical, economic, or other basis, if any, relied upon by Defendants for the policies or policies referenced.

**ANSWER:** Defendant objects to this interrogatory as it overly broad and unduly burdensome and seeks information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant refers Plaintiff to its eligibility policies and employee training materials that it is producing to Plaintiff.

7. Describe each method used by Defendants to screen and/or track potential donors and repeat donors (i.e., electronic portal, paper form, database system, etc.), including individuals who attempted to donate but were rejected or deferred, and the collection method or methods each location uses. For locations where more than one method is used, please provide the percentage of use for each collection method.

**ANSWER:** Defendant objects to this interrogatory as it vague and ambiguous and seeks information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant refers Plaintiff to its eligibility policies and employee training materials that it is producing to Plaintiff.

8. Describe in detail the process of giving plasma from initial screening to collection, including any scheduling of collection, repeat collection and screening process, compensation, terms of compensation, method of compensation, options for redemption of compensation, rewards programs used by Defendants, and how those rewards programs function.

**ANSWER:** Defendant objects to this interrogatory as it vague and ambiguous and seeks information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant refers Plaintiff to its eligibility policies and employee training materials that it is producing to Plaintiff, and to the information available on its website: https://www.cslplasma.com/become-a-donor .

9. Describe in detail any anti-discrimination training taken by or given to Defendants' employees, including the anti-discrimination topics covered and dates of completion for each employee.

**ANSWER:** Defendant objects to this interrogatory as it overly broad and unduly burdensome and seeks information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant refers Plaintiff to its eligibility policies and employee training materials that it is producing to Plaintiff.

10. Identify all complaints formal or informal, written or verbal, you have received regarding to the denial or deferral of donors or potential donors, where the complainant alleges the basis of denial or deferral was their disability.

**ANSWER:** Defendant objects to this interrogatory as it overly broad and unduly burdensome and seeks information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

8

11. Identify and describe the system Defendants use to track and/or resolve any complaints that Defendants receive from any donors, potential donors, employees, or other members of the public with regards to Defendants' business practices, including but not limited to plasma donation and collection.

**ANSWER**: Defendant objects to this interrogatory as it overly broad and unduly burdensome and seeks information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant refers Plaintiff to its eligibility policies and employee training materials that it is producing to Plaintiff.

12. Identify any donor or potential donors who have been permanently or temporarily deferred and state the reason for deferral.

**ANSWER**: Defendant objects to this interrogatory as it overly broad and unduly burdensome and seeks information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

13. Identify all persons who assisted in answering these interrogatories or located, authored, and approved the documents produced in the request for production.

**ANSWER**: Defendant objects to this interrogatory as it overly broad and unduly burdensome. Without waiving this objection, Defendant states: undersigned counsel and Eric Silberstein, Lead Counsel, Operations.

**DATED:** February 8, 2021　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　**CSL PLASMA INC.**

　　　　　　　　　　　　　　　　　　　　　BY: *Wlenyeno Elliott-Browne*
　　　　　　　　　　　　　　　　　　　　　　　WLENYENO ELLIOTT-BROWNE
　　　　　　　　　　　　　　　　　　　　　　　DIVISION DIRECTOR



　　　　　　　　　　　　　　　　　　　　　For purposes of objection,


**Jennifer L. Colvin (ARDC No. 6274731)**　　By:　/s/ Eric A. Berg
**Eric A. Berg (ARDC No. 6209624)**　　　　　　　One of the Attorneys for Defendants
**OGLETREE, DEAKINS, NASH,**
　**SMOAK & STEWART, P.C.**
**155 North Wacker Drive**
**Suite 4300**
**Chicago, Illinois 60606**
**Telephone: 312.558.1220**
*jennifer.colvin@ogletree.com*
*eric.berg@ogletree.com*

10

## CERTIFICATE OF SERVICE

I hereby certify that, on February 8, 2021, I caused Defendant CSL Plasma Inc.'s Answers to Plaintiff's First Set of Interrogatories to be served via electronic mail and First Class Mail upon the following.

Neil Kelley
Elizabeth Morris
Judith Levitan
Kathryn Hunt Muse
**Office of the Illinois Attorney General**
100 West Randolph Street, 11th Floor
Chicago, Illinois 60601
Telephone: 312.814.3000
*nkelley@atg.state.il.us*
*emorris@atg.state.il.us*
*jlevitan@atg.state.il.us*
*kmuse@atg.state.il.us*

Attorneys for Plaintiff **THE STATE OF ILLINOIS**

    /s/ Eric A. Berg
One of the Attorneys for Defendants
**CSL PLASMA, INC. and CSL BEHRING, LLC**

45800160.4

11