**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:20-cv-03535 |
| v. | ) | |
| | ) | |
| CSL PLASMA, INC. and CSL BEHRING, | ) | District Judge Mary Rowland |
| LLC, | ) | |
| | ) | Magistrate Judge Sunil Harjani |
| Defendants. | ) | |

---

**THE STATE OF ILLINOIS' LOCAL RULE 56.1(c)(2) RESPONSE TO DEFENDANTS'
LOCAL RULE 56.1(b)(3) STATEMENT OF MATERIAL FACTS**

In support of its Motion for Partial Summary Judgment and pursuant to Local Rule 56.1(c)(2), Plaintiff State of Illinois respectfully submits the following Response to Defendants' Local Rule 56.1(b)(3) Statement of Undisputed Material Facts:

1. The Illinois Department of Human Rights ("IDHR") is an Illinois state agency that "administers the Illinois Human Rights Act" ("IHRA"). *See* 775 ILCS 5/7-101; https://www2.illinois.gov/dhr/AboutUs/Pages/default.aspx

**RESPONSE:** Admitted in part, disputed in part. The State disputes that this fact is material.

2. Pursuant to the IHRA, "[i]t is a civil rights violation for any person on the basis of unlawful discrimination to: (A) Enjoyment of Facilities, Goods, and Services. Deny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation; (B) Written Communications. Directly or indirectly, as the operator of a place of public accommodation, publish, circulate, display or mail any written communication, except a private communication sent in response to a specific inquiry, which the operator knows is to the

effect that any of the facilities of the place of public accommodation will be denied to any person or that any person is unwelcome, objectionable or unacceptable because of unlawful discrimination;…" 775 ILCS 5/5-102(A) and (B).

**RESPONSE**:    Admitted.

3.    Pursuant to the IHRA, a "[p]lace of Public Accommodation includes, but is not limited to: (1) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than 5 units for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor; (2) a restaurant, bar, or other establishment serving good or drink; (3) a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment; (4) an auditorium, convention center, lecture hall, or other place of public gathering; (5) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment; (6) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment; (7) public conveyances on air, water, or land; (8) a terminal, depot, or other station used for specified public transportation; (9) a museum, library, gallery, or other place of public display or collection; (10) a park, zoo, amusement park, or other place of recreation; (11) a non-sectarian nursery, day care center, elementary, secondary, undergraduate, or postgraduate school, or other place of education; (12) a senior citizen center, homeless shelter, food bank, non-sectarian adoption agency, or other social service center establishment; and (13) a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation." 775 ILCS 5/5-101(A)(1)-(13).

**RESPONSE**:    Admitted.

4.      Under the IHRA, the IDHR has the power and duty to promulgate rules and regulations regarding the IHRA and to receive, investigate, and dismiss charges filed under the IHRA. 775 ILCS 5/7-101(A)-(B).

**RESPONSE**:      Admitted in part, disputed in part. The State admits that IDHR has the power to promulgate rules and regulations regarding the IHRA, but only such rules and regulations as are "not inconsistent" with the IHRA. 775 ILCS 5/7-101(A). Likewise, the IDHR may receive, investigate, and dismiss charges "in conformity with" the IHRA. Further, the State disputes that this fact is material.

5.      The IHRA created the Illinois Human Rights Commission ("IHRC") and charged the IHRC with reviewing the IDHR's dismissal decisions. 775 ILCS 5/8-101(A); 775 ILCS 5/8-103(A).

**RESPONSE**:      Admitted in part, disputed in part. The State disputes that this fact is material.

6.      On April 17, 2019, the IHRC issued an Order *In the Matter of the Request for Review by Steven Walter*, IHRC, Charge No. 2016SP1351, 2019 WL 2024405 (April 17, 2019), affirming the IDHR's decision that CSL, as a plasma donation center, is not a place of public accommodation. *See* Exhibit 1, Order *In the Matter of the Request for Review by Steven Walter*, IHRC, Charge No. 2016SP1351, 2019 WL 2024405 (April 17, 2019).

**RESPONSE**:      Admitted in part, disputed in part. The State admits that the Order cited affirmed IDHR's dismissal. The State disputes that the Order supports the contention that the IDHR decided that CSL was not a place of public accommodation. The IDHR's grounds for dismissal are given only as "Lack of Substantial Evidence." Dkt. 88-1 at *1. The State further disputes that this fact is material.

7.       In its Order, the IHRC stated that CSL could not be construed to be a place of public accommodation because it is unlike any of the businesses covered as a "place of public accommodation", and as a plasma donation center, "CSL must comply with federal standards for donation of blood. CSL does not allow members of the public to donate but allows only those who meet its safety standards to participate in the donation of blood." *Id*.[1]

> **RESPONSE**:       Admitted in part, disputed in part. The State admits that the IHRC stated in its Order that "CSL must comply with federal standards for donation of blood. CSL does not allow members of the public to donate but allows only those who meet its safety standards to participate in the donation of blood."  The State disputes that the IHRC ever stated that CSL was unlike any of the businesses covered as a "place of public accommodation." Moreover, the only explicit statement by the Commission of the basis for its holding is that it could not "construe that CSL is a place of public accommodation because a plasma collection business is not specifically enumerated as a 'place of public accommodation' under the Act." *Id*. at *2. Further, the State disputes that this fact is material.

8.       The federal Food and Drug Administration ("FDA") requires all potential plasma donors to be screened in accordance with its requirements and standards. *See* Plaintiff's Local Rule 56.1 Statement of Undisputed Material Facts, ECF No. 80, ¶22; Defendants' Response to Plaintiff's Local Rule 56.1 Statement of Undisputed Material Facts, ¶22. Before a potential donor is eligible to donate, there is a strict set of steps that all plasma donation centers are federally mandated to follow. *See* Deposition Transcript of Gregory Jacobs ("Jacobs transcript"), ECF No. 80-9; ¶28:21-32:4. CSL's screening procedures are mandated by the FDA and apply to all individuals. 21 C.F.R. §§ 630.10-630.15.

---

[1] CSL notes that the IHRC's use of "donation of blood" is a misnomer for "donation of plasma", as donors are not donating blood.

**RESPONSE**: Admitted in part, disputed in part. The State disputes that CSL's screening procedures are entirely mandated by the FDA. Defendants have admitted that "CSL Plasma imposes some requirements of its own that are more stringent tha[n] the FDA's." *See* Dkt. 87 (Defendants' Response to Plaintiffs' Local Rule 56.1 Statement of Undisputed Material Facts, "Resp. to SUMF"), ¶ 22.

9. While members of the public are able to enter a CSL facility without an appointment in order to determine if they are eligible to donate, CSL's plasma donation floor is not open to members of the general public and is only open to individuals who have been found to be eligible donors. *See* Jacobs' transcript, ECF No. 80-9, ¶26:13-16; *See* Deposition Transcript of Dimitry Gubarev ("Gubarev transcript"), attached hereto as Exhibit 2, ¶17:9-17.

**RESPONSE**: Admitted in part, disputed in part. The State disputes that the cited testimony by Gubarev supports the assertion that the donor floor is not open to the general public. Further, the State clarifies for the Court that the paragraph numbers cited by Defendants are actually page numbers.

10. When prospective donors enter CSL, they begin a screening process to determine whether they are eligible to donate their blood plasma. *See* ECF No. 81, ¶¶18-27; Defendants' Response to Plaintiff's Local Rule 56.1 Statement of Undisputed Material Facts, ¶¶18-27.

**RESPONSE**: Admitted. The State clarifies for the Court that the reference to ECF No. 81 should be to ECF No. 80 (The State's Local Rule 56.1 Statement of Undisputed Material Facts, "SUMF").

11. After a donor walks into a center, the donor goes to the receptionist area for a blood pressure and pulse check, and occasionally for checks of protein levels and hematocrit. Potential

donors may only go to the donor floor if these numbers are sufficient. *See* Gubarev transcript, Exhibit 2, ¶17:9-17. First time donors are sent for a medical evaluation. *Id.*

**RESPONSE**: Admitted. The State clarifies for the Court that the paragraph numbers cited by Defendants are actually page numbers.

12. FDA regulations require that a licensed physician or an individual under a physician's supervision determine the suitability of each donor. 21 C.F.R. §630.5(a).

**RESPONSE**: Admitted in part, disputed in part. The State admits the substance of the statement but disputes that this fact is material.

13. "A donor is ineligible to donate when donating could adversely affect the health of the donor …." 21 C.F.R. §630.10(e)(2), *see also* §630.10(a)(1).

**RESPONSE**: Admitted in part, disputed in part. The State admits that Defendants accurately quote the regulation but disputes that this fact is material.

14. Donor eligibility determinations are based on medical history questions and a physical examination. 21 C.F.R. §630.10(d). To determine eligibility, donation centers must consult deferred donor records, assure proper intervals between donations and assess donation frequency, assess the donor's medical history and identify risk factors that may render the donor ineligible, and perform a physical assessment. 21 C.F.R. §§ 630.10-630.15.

**RESPONSE**: Admitted in part, disputed in part. The State admits the substance of the statement but disputes that these facts are material.

15. Not all members of the public are eligible to donate plasma at CSL. Rather, CSL restricts potential donors based on age, weight, medical conditions and the potential donor's geographic radius to the donation center. *See* ECF No. 81, ¶23-26; Defendants' Response to Plaintiff's Local Rule 56.1 Statement of Undisputed Material Facts, ¶23-26; Deposition Transcript

of Toby Simon, M.D. ("Simon transcript"), ECF No. 80-2, ¶31:17-32:2; Jacobs transcript, ECF No. 80-9, ¶58:20-59:17.

      **RESPONSE**:      Admitted.  The citation to ECF 80-2 does not support the statement.

     16.     If a potential donor passes the screening, is found eligible to donate his/her plasma, and successfully does so, the donor receives compensation. *See* ECF No. 81, ¶¶18-27; Defendants' Response to Plaintiff's Local Rule 56.1 Statement of Undisputed Material Facts, ¶¶18-27.

      **RESPONSE**:      Admitted.


Dated: August 1, 2022              Respectfully submitted,

                                     KWAME RAOUL
                                     Attorney General of Illinois

                                     /s/ Gretchen Helfrich
                                     Gretchen Helfrich
                                     Elizabeth Morris
                                     Rebekah Newman
                                     Office of the Illinois Attorney General
                                     100 West Randolph Street, 11th Floor
                                     Chicago, Illinois 60601
                                     elizabeth.morris@ilag.gov
                                     gretchen.helfrich@ilag.gov
                                     rebekah.newman@ilag.gov
                                     Ph. (312) 814-3000

                                     *Counsel for Plaintiff State of Illinois*

## <u>CERTIFICATE OF SERVICE</u>

I, Gretchen Helfrich, an attorney, certify that on July 28, 2022, I electronically filed the prefixed *The State of Illinois' The State Of Illinois' Local Rule 56.1(c)(2) Response to Defendants' Local Rule 56.1(b)(3) Statement of Material Facts* with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all parties of record.

*/s/ Gretchen Helfrich*